```
CASE NO. 13-C-12                                    OPENED  1/09/2013

JUDGE...      JUDGE JEFFREY B. REED

PLAINTIFF.    NAOMI DAVIS
VS DEFENDANT.    NORTHWEST PIPE COMPANY, AN OREGON CORPORATION AUTHORIZED TO

PRO ATTY..    GINNY CONLEY
DEF ATTY..


PAGE#      DATE MEMORANDUM..............

00001  1/09/13 Comp fld; sums *1 issd;rtn 30 days; sent to SOS to serve
00002  1/09/13 Plntf req. for admissions fld.
00003  1/09/13 Plntf first set of interr and request for production of docs
00004  1/16/13 Sums compl accepted by SOS for Northwest Pipe Co on 1-10-13
00005  1/24/13 Cert mail from SOS to Northwest Pipe Co on 1-14-13
```

EXHIBIT

A

SUMMONS

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

Naomi Davis

               Plaintiff(s)

VS:

                      Civil Action # 13-C-12

Northwest Pipe Company, an
Oregon corporation authorized to do
Business in the State of West Virginia

               Defendant(s)

             To:     Northwest Pipe Company
                      c/o Corporation Service Company
                      109 W Washington St
                      Charleston WV 25302

  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Ginny Conley**, Plaintiff's Attorney, whose address is **Conley Law Office, PLLC, 610 Market St., Parkersburg, WV 26101** an answer including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: January 9, 2013

                                  _Carali Jones_
                                 Clerk Circuit Court

By:                                     Deputy



IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

NAOMI DAVIS,

      Plaintiff,

v.                              Civil Action No. ~~12-C-~~____ 13-C-12

NORTHWEST PIPE COMPANY, an
Oregon corporation authorized to do
business in the State of West Virginia,

      Defendant.

## COMPLAINT

    1.    Plaintiff, Naomi Davis, at all times relevant hereto, has been a resident of Wood County, West Virginia.

    2.    Defendant, Northwest Pipe Company, is an Oregon corporation authorized to do business in the State of West Virginia with offices located at Washington, Wood County, West Virginia.

    3.    Plaintiff, Naomi Davis, was employed by the Defendant as Human Resources Manager from October 10, 2011, until July 19, 2012, the date of her termination.

### COUNT I
### WRONGFUL DISCHARGE AND VIOLATION OF SUBSTANTIAL PUBLIC POLICY

    4.    During Plaintiff's employment with Defendant several safety and quality issues were reported to and observed by her. Plaintiff informed Defendant's management of these safety and quality concerns as they arose throughout her employment.

    5.    Defendant through its management and supervisors ignored the safety and quality concerns brought to its attention by Plaintiff.

FILED IN OFFICE

JAN - 9 2013

CAROLE JONES
CLERK CIRCUIT COURT

6.     On or about June 5, 2012, Plaintiff provided Defendant with written notice of unlawful and improper conduct by the Defendant, which notice is contained in Exhibit 1 attached hereto and made a part hereof.

7.     Upon information and belief a partial investigation was conducted regarding the unlawful and improper conduct set forth in Exhibit 1.

8.     As a result of Plaintiff reporting the unlawful and improper conduct, including but not limited to certain safety and quality concerns, to Defendant, Plaintiff was terminated on July 19, 2012.

9.     Said acts of the Defendant in wrongfully discharging the Plaintiff contravene substantial public policy and are in violation of the laws of the State of West Virginia.

10.     As a direct and proximate result of the wrongful discharge of the Plaintiff by Defendant, Plaintiff has suffered damages which include, but are not limited to, emotional distress, lost wages and benefits, past and future, a detrimental job record, mental distress in the form of embarrassment, depression, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.  Plaintiff is also entitled to other appropriate equitable relief.

COUNT II
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11     Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1 through 10 of Plaintiff's Complaint as if alleged herein verbatim.

12.     Defendant, acting by and through its officers, agents, servants and employees, including but not limited to management and supervisors, acted with extreme and outrageous

2

conduct toward Plaintiff and purposefully and intentionally and/or recklessly inflicted emotional distress upon Plaintiff.

13.    The extreme and outrageous conduct of Defendant directed toward the Plaintiff was severe.

14.    As a direct and proximate result of the severe emotional distress inflicted upon Plaintiff, Plaintiff has suffered serious emotional injuries and damages, including, but not limited to, mental distress, anguish, fear, insult, indignity, embarrassment and humiliation.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15.    Plaintiff realleges and reasserts each and every allegation contained in Paragraphs 1 through 14 of Plaintiff's Complaint as if alleged herein verbatim.

16.    Defendant, acting by and through its officers, agents, servants and employees, including but not limited to its branch manager, owed a duty of care to Plaintiff to take reasonable care to avoid causing emotional distress or injury.  Defendant by such negligent and willful conduct toward Plaintiff inflicted emotional distress upon Plaintiff.

17.    The negligent and willful conduct of Defendant directed toward the Plaintiff was severe.

18.    As a direct and proximate result of the negligent emotional distress inflicted upon Plaintiff, Plaintiff has suffered serious emotional injuries and damages, including, but not limited to, mental distress, anguish, fear, insult, indignity, embarrassment and humiliation.

3

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant for general and compensatory damages, including pre-judgment and post-judgment interest on any damages awarded at the trial of this matter; punitive or exemplary damages; reasonable attorney's fees and costs of this action; that Plaintiff be awarded front pay in an amount to be determined at trial; and such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

NAOMI DAVIS
By Counsel



Ginny Conley, WVSB#6563
CONLEY LAW OFFICE, PLLC
610 Market Street, Suite 3
Parkersburg, WV 26101
(304) 485-3333
*Counsel for Plaintiff*

4



June 3, 2012


Northwest Pipe Company
Attn: Winsor Jenkins
Portland, OR

Dear Winsor:

I appreciate the opportunity that Northwest pipe has given me. I would love to continue working for Northwest but feel that the current working conditions are becoming so unbearable that any reasonable person would have quit long before now. Furthermore, as a Human Resource Manager, I feel it quite necessary to inform you that under the current management, Northwest Pipe of Parkersburg is very vulnerable not only to one law suit but to a class action one as well.

You are aware of the negative working conditions that have been percolating at Northwest Pipe Parkersburg. From the beginning of my employment, I was placed into a "sink or swim" situation with Mike Wray as my supervisor. His unwillingness to accept and listen to authority regarding the fact that he could not bring Trini with him from Pleasant Grove has made him vindictive. He has continually tried to manipulate the situation so that he may discredit me and bring her to Parkersburg even after being told repeatedly, that due to her poor work performance, she would no longer be a Northwest Pipe employee after Pleasant Grove closed. Mike's fondness for Trini is clearly not related to her work performance, qualifications or ability. As a result, I have continually had to work under the pressure of knowing that he is continually trying to set me up for failure. The stress of the situation is becoming unbearable.

I am embarrassed to say because of my fear of retribution; I feel I have been unable to be an effective H.R. Manager. But, I can no longer sit by quietly. I know that by writing this letter and telling the truth, I am placing myself in a precarious position. However, I must do the right thing so that I can live with myself. I have watched for too long while not only myself but other good employees are being harassed, discriminated against and treated unfairly for just trying to the job they were hired to do. Under any other circumstances I would have been able to bring this to light and do my job accordingly. Unfortunately, I have not been able to do so due to the fact that I have to fear repercussions.

Jesse Fox and the entire Quality Department are being treated disparagingly just for trying to do their job and develop accountability. How does a plant go so long without corrective actions and rework? Jesse tried to correct this in order for NWP to save money and produce the best product possible. But the culture in this plant, which Mike seems to be a part of, has joined forces not only discredit Jesse but the entire Quality Department. They face harsh and difficult working conditions on a daily basis. It is my understanding that Jesse was hired to bring about a necessary change at the Parkersburg plant, for the better. How can he do this when he is being "bullied" every day by people who refuse to adhere to improvement?

FILED IN OFFICE

JAN - 9 2013

CAROLE JONES
CLERK CIRCUIT COURT

EXHIBIT



I have worked in the steel industry for 17 years. I have worked for companies such as Trinity Industries and Skyline Steel. With the amount of power given to this Operation's Manager, in my opinion, it sets the scene for corruption and negligence due to the fact that this position controls most all of the information that corporate receives. Northwest Pipe owes their stockholders more than that.

I would ask you to recall the very first obstacle that I faced with Mike. While I was attending the H.R. Meetings in Portland, he tried to set me up by opening a file drawer, taking a picture of it and saying that I had left the personnel files unsecured and someone had gained access to them. After further investigation, Mike finally admitted that he had opened the drawer – the first clear attempt to discredit me. This is a prime example of what I and others deal with on a daily basis. It also shows the extent in which Mike will go to get his way. The harassment, bullying and discrimination must end!

Another instance of Mike not sharing information at the plant level with corporate would be when he was allowed to force Carri Tucker out of the plant because and I quote "Carri tells corporate everything." What is Mike so afraid that corporate will find out? Furthermore, Carri went through hell trying to clean NWP – Parkersburg up. Carri received death threats, her tires were slashed on multiple occasions and her cat was shot while it was sitting by her husband! I believe that Northwest owed Carri much more than letting a new Operations Manager come in, discredit her and kick her out of the very plant she gave so much to try and clean up. To this day, Mike blames Carri for Trini not being allowed to come with him to Parkersburg instead of just admitting the real reason that Trini's work performance is poor. This again shows lack of maturity and disrespect for authority.

How far is Northwest going to let this go? I know that the repercussions that I will now face will absolutely make it impossible for me to continue working at Northwest Pipe-Parkersburg although I would like to continue working here as I sincerely love my position and Human Resource jobs are few and far between. I only wish that the working conditions I am faced with were different. Given the past history here, I feel I am in a dangerous environment. I also feel that Jesse Fox and other individuals in the Quality Department are as well.

I hope that Northwest Pipe does not take what I have to say in this letter lightly. It is and will remain a very serious problem until corporate intervenes and deals with these issues head on.

Sincerely,

Naomi Davis
Human Resources Manager

pc:     Barb Pittman
        Scott Montross
        Gary Stone
        Bill Tagmeyer

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

NAOMI DAVIS,

      Plaintiff,

v.

                           Civil Action No. ~~12-C-~~   13-C-12

NORTHWEST PIPE COMPANY, an
Oregon corporation authorized to do
business in the State of West Virginia,

      Defendant.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NORTHWEST PIPE COMPANY

Pursuant to the provisions of Rules 26, 33 and 34 of the West Virginia Rules of Civil Procedure, plaintiff hereby requests that Defendant NORTHWEST PIPE COMPANY, an Oregon corporation authorized to do business in the State of West Virginia answer separately, fully, in writing, and under oath, the following Interrogatories, and that the service of the Answers be made upon the undersigned counsel for the plaintiff within thirty (30) days after service of the same.

Instructions

A. These Interrogatories shall be deemed to be continuing in nature so as to require you to file supplementary answers if further or different information becomes known or available to you. Supplementary answers must be filed as soon as such information becomes known or available without further request by Plaintiff.

B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event you are able to provide only part of the information called for by a particular Interrogatory, you are required to provide all of the information you are able to provide and state the reason for your inability to provide the remaining information.

C. In order to simplify the issues and resolve as many matters of fact as possible before trial, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any Interrogatory, or any part thereof, answer the Interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the



unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

D. If you object to or otherwise decline to answer any portion of an Interrogatory, you are required to provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer.

E. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances mentioned or complained of in the Complaint.

F. Where name and identity of a person is required, please state full name, home address and also business address, if known.

G. Where knowledge or information in possession of a person, corporation, or entity to whom these Interrogatories are directed is requested, such request includes knowledge of agents, representatives, employees, consultants, investigators, and unless privileged, attorneys, of the person, corporation, or entity.

H. "Identify" (or a form thereof) when referring to an individual, corporation, or other entity shall mean to provide identification sufficient to allow notice of a deposition to such person or entity and to serve such person or entity with process to require his or her attendance at a place of examination, and shall include, without limitation, the full name and business and home telephone number of such person, and if a corporation or other entity, its principle place of business, and if an individual, the present or last known home address, his or her job title or titles, by whom employed, and address of the place of employment.

Definitions

All words herein have their meaning in ordinary English usage except for the words and phrases defined below, which shall have the specific meaning indicated in addition to the meaning in ordinary English usage. If there is any difficulty in understanding the scope or meaning of any words, interrogatory or request, please feel free to contact Plaintiffs' attorney for an explanation.

A. "Any" means "all" and vice versa.

B. "Each" means "every" and vice versa.

C. "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications, electronic communications, and oral communication.

D. "Complaint" or "Plaintiffs' Complaint", with an uppercase "C" in "Complaint", shall refer to the Complaint filed by the Plaintiff in the Circuit Court of Wood County, West Virginia, in the instant case.

2

E. "complaint" or "complaints", with a lowercase "c" in "complaint" shall refer to complaints or reports, whether formal or informal, made to Defendant or anyone acting or purporting to act on behalf of Defendant.

F. "You" or "Your" shall refer to the parties to whom these Interrogatories are directed as named above.

G. "Defendant", shall refer to the party to whom these Interrogatories are directed as named above.

H. "Relate to", "relating to", "pertain", "pertaining to", and "concerning" (or any forms thereof) mean consisting of, arising out of, constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, relevant to or in any way legally, logically, or factually connected with matter discussed, directly or indirectly. As indicated, the term necessarily includes information which is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

I. "Identify" or "Identity" (or a form thereof) when referring to an individual, corporation, or other entity shall mean to provide identification sufficient to allow notice of a deposition to such person or entity and to serve such person or entity with process to require his or her attendance at a place of examination, and shall include, without limitation, the full name and business and home telephone number of such person, and if a corporation or other entity, its principle place of business, and if an individual, the present or last known home address, his other job title or titles, by whom employed, and address of the place of employment.

J. "Identify" when referring to a Document, means to provide, as to each such Document, a brief description of the nature of the Document, a summary of its contents, its date, its authors, its signatories, its recipients or intended recipients and the present or last known custodian of the Document. If the document has been destroyed or otherwise not available, detail the efforts to locate the Document, identify the last known custodian of the Document and give the reason for its unavailability.

K. "Document" means any item, including a paper or other writing and any item of graphic material, however recorded or reproduced, including all drafts or other preliminary materials that are different in any way from the executed or final document, regardless of whether designated "confidential," "privileged," or otherwise restricted, wherever located, whether an original or a copy. The term Document includes, but is not limited to, agreements, contracts, minutes, work sheets, work papers, summaries and other written records of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, statements, interviews, affidavits, memoranda, drafts, memo pads, notes, tabulations, graphs, reports, papers, records, bills, inter-office communications, files, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, e-mails, text messages, electronic messages, books, brochures,

3



advertising, circulars, mailings and publications. Any copy containing thereof or having attached thereto any alterations, notes, comments or other materials shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition. "Document" also includes any information created or maintained on or in a computer or other equipment that is accessible or retrievable by any person or process or translated, if necessary, by detection devices into reasonably usable form. "Document" also includes any item encompassed by the usage of this term in Federal Rules of Civil Procedure 34(a).

## INTERROGATORIES

INTERROGATORY NO. 1: Identify any and all persons whom you contend have knowledge of the facts and circumstances alleged in the Complaint.

ANSWER:

INTERROGATORY NO. 2: For each person identified in response to Interrogatory No. 1 above, state the facts which you contend are known to each person.

ANSWER:

INTERROGATORY NO. 3: For each fact set forth in response to Interrogatory No. 2 above, identify any and all documents which describe, support, or otherwise reflect the facts known to each person.

ANSWER:

4

INTERROGATORY NO. 4: Identify any and all persons who participated, in any way, in any investigation conducted by you regarding plaintiff's termination.

ANSWER:

INTERROGATORY NO. 5: Identify any and all persons who were responsible for overseeing the performance of the plaintiff during her employment with you.

ANSWER:

INTERROGATORY NO. 6: Identify all persons, including parties, from whom you have obtained statements or reports concerning the claims asserted in the Complaint or defenses thereto. As to each, give the date on which the respective statements and reports were obtained, the person taking the statement, whether the statement was signed, unsigned, reported, or taken by a court reporter, and identify the person having custody of such statement.

ANSWER:

INTERROGATORY NO. 7: From June 3, 2007, to the present, has any claim, charge, or complaint, whether formal or informal, whether oral or written, and whether lodged internally or



externally with a state or federal agency, or a state or federal court, been made against you for

wrongful termination?

If so:

      a.    Identify the claim or complaint by the case style, if applicable, the date the claim was instituted, the identity of the parties (if not apparent from the case style), the geographic location where the claim was made (if not apparent from the case style), and the exact nature of the claim; and

      b.    the outcome of each said claim or complaint.

    ANSWER:

    INTERROGATORY NO. 8: State the name, address, and job title or capacity of each person who prepared or assisted in the preparation of the answers to these Interrogatories.

    ANSWER:

    INTERROGATORY NO. 9: State the name and address of each and every person employed in the Human Resources Department at the corporate offices and at the Washington, West Virginia, plant from June 3, 2007, to present.

    ANSWER:

6



## REQUESTS FOR PRODUCTION OF DOCUMENTS

Come now the plaintiff in the above-styled action and pursuant to the West Virginia Rules of Civil Procedure, respectfully requests that Defendant produce the following documents at the offices of Conley Law Office, PLLC, 610 Market Street, Suite 3, Parkersburg, West Virginia, 26101, within thirty (30) days of the service hereof:

REQUEST NO. 1:    Any and all documents which support, evidence, relate or otherwise pertain to any and all personnel policies of defendant in effect from June 3, 2007, to the present, including but not limited to:

(a)    Employee discipline policies, including but not limited to, counseling, written warnings, suspension, demotion, and termination policies;

(b)    Sex discrimination policies;

(c)    Internal complaint or grievance procedures;

(d)    Equal Employment Opportunity (EEO) policies.

RESPONSE:

REQUEST NO. 2:    The complete personnel file of plaintiff, Naomi Davis, including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of plaintiff's personnel file at any time.

RESPONSE:

7



REQUEST NO. 3:    Any and all documents not included in plaintiff's personnel file which support, evidence, relate or otherwise pertain to her employment relationship with you, including, but not limited to, documents relating to or reflecting job performance, awards to plaintiff, or discipline of plaintiff.

RESPONSE:

REQUEST NO. 4:    Any and all documents constituting communications by and between the plaintiff and any other employee of the defendant at any time during her employment, including but not limited to, all e-mails, notes, memoranda, correspondence, or other documents comprising communication by the plaintiff or to the plaintiff during her employment.

RESPONSE:

REQUEST NO. 5:    Any and all complaints filed against plaintiff by anyone.

RESPONSE:

REQUEST NO. 6:    Any and all documents related to the conclusion and/or resolution of each of the complaints filed against plaintiff.   Please identify each and every person having knowledge of the fact relating to this matter and the substance of the facts/knowledge possessed by each person listed.

8

RESPONSE:


REQUEST NO. 7·    Please identify each and every person whom you expect to call as a non-expert, lay, or fact witness in this case (whether live in court, through a deposition or through a sworn, written or audio/videotaped statement, and for each person:

       (a)     state the substance of the facts to which you expect each person to testify;

       (b)     identify all documents the witness has examined or will examine in connection with this action; and

       (b)     identify any documents with regard to which the witness is expected to testify.

RESPONSE:


REQUEST NO. 8:    Please provide copies of any and all written statements or transcripts of recorded statements obtained pertaining to the subject of the instant civil action.

RESPONSE:


REQUEST NO. 9:    Any and all employee handbooks which you gave to plaintiff during her employment relationship with you.

RESPONSE:


9



REQUEST NO. 10:   Any and all documents which support or evidence compensation paid to plaintiff during her employment relationship with you, including but not limited to, salary, bonuses, and commissions.

RESPONSE:


REQUEST NO. 11:   Any and all documents which support or evidence employee benefits which you provided to plaintiff during her employment relationship with you, including but not limited to, a description of plan benefits and/or plan handbooks, or pamphlets for profit-sharing plans, medical and dental insurance, retirement benefits, and life insurance.

RESPONSE:


REQUEST NO. 12:   Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims of wrongful termination made against you (other than plaintiff) from June 3, 2007, to the present.

RESPONSE:


REQUEST NO. 13:   Any and all documents which reflect or set forth plaintiff's job duties and responsibilities during her employment relationship with you.

RESPONSE:


10



IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

NAOMI DAVIS,

      Plaintiff,

v.

                                      Civil Action No. 12-C- _13-C- 12_ (handwritten)

NORTHWEST PIPE COMPANY, an
Oregon corporation authorized to do
business in the State of West Virginia,

      Defendant.

## PLAINTIFF NAOMI DAVIS
## REQUESTS FOR ADMISSIONS

Comes now the Plaintiff, Naomi Davis, and requests responses to the following Requests for Admissions:

1.    Admit that you received *Exhibit 1* of Plaintiff's Complaint on or about June 3, 2012, from Plaintiff, Naomi Davis, former employee of Northwest Pipe Company.

RESPONSE:

2.    Admit that at the time you received the document identified in Plaintiff's Complaint as *Exhibit 1* Plaintiff, Naomi Davis, was an employee in good standing.

RESPONSE.



7.    Admit that the document identified in Plaintiff's Complaint as *Exhibit 1* contains reports of unlawful or improper behavior including, but not limited to, quality and safety concerns caused by Defendant.

RESPONSE:

Dated this 8th day of January, 2013.

NAOMI DAVIS
By Counsel

Ginny Conley, WVSB#6565
CONLEY LAW OFFICE, PLLC
610 Market Street, Suite 3
Parkersburg, WV 26101
(304) 485-3333
*Counsel for Plaintiffs*

**CERTIFIED MAIL**




UNITED STATES POSTAGE
PITNEY BOWES

02 1R          $ 05.80⁰
0002002211    JAN11 2013
MAILED FROM ZIP CODE 25311